# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:01CR00027 |
| ) | |
| ) | **OPINION** |
| v. ) | |
| ) | By: James P. Jones |
| **COREY RAMONT KINNEY**, ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

*R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Corey Ramont Kinney, Pro Se Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.[1]

I will overrule the government's objections.

The government's objections may be divided into three groups. First, the government emphasizes the conduct underlying the offense, including the amount of

---

[1] This district is reported to have the fourth largest number of defendants who qualify for a reduction in sentence under the Sentencing Commission's policy on retroactivity. Unfortunately, it appears that the United States Attorney for this district is objecting to reduction in *every case*, even those which provide for a reduction in sentence of only a few months. While the Department of Justice opposed the retroactivity of the amended guidelines, once the Sentencing Commission unanimously decided on retroactivity—a decision which Congress has not overruled—a per se objection to any reduction does not serve the public interest. For example, the court is required to consider the public safety in determining whether to reduce a particular sentence, *see* USSG § 1B1.10 cmt. n.1(B)(ii) (Mar. 3, 2008), and the government's blanket objection in all cases does not assist the court in making that decision, and, in fact, hinders it.

crack cocaine for which the defendant was responsible. Second, the government points to the defendant's criminal history. Finally, the government contends that the defendant's behavior while incarcerated militates against a reduction.

The guidelines provide a vehicle for consideration of conduct underlying an offense. The defendant's Total Offense Level takes into account the amount of crack cocaine for which the defendant was responsible. In this case, the defendant was held responsible for 149.99 grams of crack cocaine, in accord with the plea agreement.

With regard to the defendant's criminal history, the guidelines also provide a mechanism for consideration of prior convictions through calculation of a criminal history score. In this case, the defendant's criminal history put him in Category IV and his guideline range was calculated accordingly. To do as the government suggests, would doubly penalize the defendant for his criminal history. Absent any evidence that the defendant's criminal history category uniquely fails to reflect his actual criminal history or danger to the public, I do not find his prior convictions to be a bar to reduction in sentence.

The government's final argument is that the defendant has behaved in such a manner in prison as to indicate that it would be dangerous to release him into the community. In the almost seven years that the defendant has been incarcerated, he has been sanctioned for three incidents of misconduct, including possessing a

hazardous tool, possessing an unauthorized item, and non-criminal telephone abuse. I do not find that the defendant's post-sentencing conduct is significant enough to bar a reduction of his sentence.

Infractions in prison can be serious and may indicate that a defendant will disregard the rules and laws of the community. Accordingly, the Bureau of Prisons has the discretion to grant or withhold good time, giving some inmates the opportunity to eliminate fifteen percent of the total sentence imposed by the court. Nothing in my ruling today changes that. If the Bureau of Prisons has determined that the defendant's infractions warrant a reduction in his good time, then the defendant may be required to serve the entirety of his new sentence in prison. Furthermore, if the government decides that deprivation of good time is an insufficient penalty for an infraction, then it has the option of prosecuting an inmate for the crimes he committed in prison.

A separate judgement will be entered.

Dated: March 13, 2008

 /S/ JAMES P. JONES
Chief United States District Judge